IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> EPIC! CREATIONS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-11161 (BLS) <br><br> (Jointly Administered) |
| Claudia Z. Springer, Chapter 11 Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> Google LLC, <br> Voizzit Technology Private Ltd., <br> Voizzit Information Technology LLC, <br> Vinay Ravindra, <br> Rajendran Vellapalath, <br><br> Defendants. | Adv. Pro. No. 24-50233 (BLS) <br><br> (Jointly Administered) |

**ORDER GRANTING CHAPTER 11 TRUSTEE'S EMERGENCY MOTION
TO HOLD THE VOIZZIT DEFENDANTS IN CONTEMPT OF COURT FOR
THEIR FAILURE TO COMPLY WITH THE COURT'S NOVEMBER 19 ORDER**

Upon consideration of the *Chapter 11 Trustee's Emergency Motion to Hold the Defendants in Contempt of Court for Their Failure to Comply With the Court's November 19 Order* (the "Emergency Motion") filed by Plaintiff Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "Trustee") of the Estates of Epic! Creations, Inc. ("Epic"); Neuron Fuel, Inc. ("Neuron Fuel"); and Tangible Play, Inc. ("Tangible Play," together with Epic and Neuron Fuel, the "Debtors"); and the Court having reviewed the Emergency Motion and the Exhibits thereto; and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

the Court having held a show cause hearing on January 29, 2025 (the "Hearing"); and the Court having considered all evidence and argument presented at the Hearing; the Court finds and concludes that:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

    B.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A), (E), and (O).

    C.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

    D.    Notice of the Emergency Motion was sufficient under the circumstances.

    E.    On November 19, 2024, this Court entered the *Order Granting Chapter 11 Trustee's Motion for a Temporary Injunction* [Adv. D.I. 14] (the "TRO"). The TRO enjoined Defendants Voizzit Technology Private Ltd., Voizzit Information Technology LLC, Vinay Ravindra, and Rajendran Vellapalath (the "Voizzit Defendants"), *inter alia*, as follows:

> On or before 5:00 p.m. E.T. on November 22, 2024, Defendants Voizzit Technology Private Ltd, Voizzit Information Technology LLC, Vinay Ravindra, and Rajendran Vellapalath (the "Voizzit Defendants") shall provide the Trustee and Google with a complete list of all accounts, assets, email extensions, projects, entity names, or other credentials relating in any way to the Google Accounts that were transferred by or to one or more of the Voizzit Defendants or individuals or entities working in concert with them from June 4, 2024 to present, and shall facilitate the transfer of any such email extensions, projects, entity names, or other credentials from the Voizzit Defendants or individuals or entities under their control and to the Trustee.

[TRO, ¶ 2.]

> Defendant Voizzit Information Technology LLC is directed to transfer to the Trustee at instructions provided by the Trustee the Debtors' applications, data, project, funds, or any other information or property of the Debtors; given that any such transfer to Voizzit Information Technology LLC was void *ab initio* and a legal nullity, such that the technical return transfer to the Trustee maintains the status quo.

[TRO, ¶ 5.]

F.    Each of the Voizzit Defendants were served with the TRO and thus had knowledge of the entry of the TRO and its terms. [Adv. D.I. 17] In addition, counsel of record for Defendants Voizzit Technology Private Ltd., Voizzit Information Technology LLC, and Rajendran Vellapalath acknowledged on the record during a hearing held before this Court on November 21, 2024 that: "We also had a conversation [with our clients] about the TRO. They've also indicated they're planning to comply with the two provisions of the TRO order that required turnover of information to Google by Friday." [11/21/24 Tr. at 20.]

G.    As set forth in the testimony of the Trustee and Jacob Grall, none of the Voizzit Defendants complied with the TRO.

H.    The Trustee has established by clear and convincing evidence that: (i) a valid court order was entered; (ii) Voizzit Defendants had knowledge of the TRO; and (iii) Voizzit Defendants failed to comply with the TRO.

I.    The Voizzit Defendants were given fair warning of the possible contempt sanctions through the entry of a rule to show cause commanding their appearance before the Court to explain why they should not be held in civil contempt.

For the reasons stated on the record at the Hearing, it is hereby **ORDERED THAT**:

1.    The Voizzit Defendants are found to be in contempt of this Court's TRO.

2.    The Voizzit Defendants are ordered to immediately comply with the TRO.

3.    The Voizzit Defendants shall pay to the Estates a fine of $25,000 per day, beginning on the date of this Order, until the Defendants have filed a certification with this Court, attested to by the Trustee, that they have complied with the TRO.

4. The Trustee is directed to submit a bill of costs setting forth her fees and expenses incurred in connection with prosecuting the Emergency Motion (the "Emergency Motion Fees") within seven (7) days of this Order. The Voizzit Defendants have seven (7) days to respond to the Emergency Motion Fees if they so choose and the Court will thereafter make such award as it deems appropriate.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order, including whether additional sanctions are warranted in light of the Voizzit Defendants' failure to comply with the TRO.

Dated: January 30th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE