# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EPIC! CREATIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11161 (BLS)<br><br>(Jointly Administered)<br><br>**Re. D.I. 551 and 570** |
| Claudia Z. Springer, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Google, LLC,<br>Voizzit Technology Private Ltd.,<br>Voizzit Information Technology LLC,<br>Vinay Ravindra,<br>Rajendran Vellapalath,<br><br>Defendants. | Adv. Pro. No. 24-50233 (BLS)<br><br>**Re. D.I. 104** |
| Claudia Z. Springer, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Voizzit Technology Private Ltd.,<br>Voizzit Information Technology LLC,<br>Think and Learn Pvt Ltd, and<br>Rajendran Vellapalath,<br><br>Defendants. | Adv. Pro. No. 24-50280 (BLS)<br><br>**Re. D.I. 26** |

## CHAPTER 11 TRUSTEE'S LIMITED OBJECTION TO
## MOTION TO WITHDRAW AS COUNSEL FOR THE VOIZZIT PARTIES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "Trustee") of the Estates of Epic! Creations, Inc. ("Epic"), Neuron Fuel, Inc. ("Neuron Fuel"), and Tangible Play, Inc. ("Tangible Play," together with Epic and Neuron Fuel, the "Debtors") in the above-captioned chapter 11 cases files this limited objection to the *Motion to Withdraw as Counsel* (the "Withdrawal Motion") filed by counsel for Voizzit Technology Private, Ltd., Voizzit Information Technology LLC, and Rajendran Vellapalath (collectively, the "Voizzit Parties") at Cross & Simon, LLC and Chugh, LLP (together, "Voizzit's Counsel"), and states:

## LIMITED OBJECTION

1. Although the Trustee does not oppose the substance of the relief requested in the Withdrawal Motion, the Trustee requests that the Court require Voizzit's Counsel to remain in the case until the Court rules on the *Chapter 11 Trustee's Motion to Compel Voizzit Technology Private, Ltd., Voizzit Information Technology LLC, and Rajendran Vellapalath To Comply With Rule 2004 Subpoenas and for Other Relief Including Barring Their Participation in These Chapter 11 Cases Until They Comply with the Outstanding Subpoenas* [D.I. 570] (the "Motion to Compel"), which the Trustee filed on March 17, 2025 and noticed for presentment at the March 31, 2025 hearing.

2. "The decision on whether to grant a motion to withdraw is committed to the discretion of the court." *Morales v. Sunpath Ltd.*, 2024 WL 1198054, at *1 (D. Del. March 20, 2024) (citing *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014)). "The motion to withdraw must 'demonstrate to the satisfaction of the district court that counsel's appearance serves no meaningful purpose.'" *Id.* (quoting *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022). And "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *Id.* (citing Model

2

Rule of Professional Responsibility 1.16(c); *Taylor v. U.S.*, 2013 WL 1897839, at *2 (D. Del. May 7, 2013)). Here, the Court should exercise its discretion and condition the timing of Counsel's withdrawal because doing so will not materially prejudice Voizzit's Counsel, their continued presence in these Chapter 11 cases will serve a meaningful purpose, and Voizzit's Counsel were on notice of the circumstances surrounding their predecessor's withdrawal from these Chapter 11 cases.

3.   As an initial matter, requiring Voizitt's Counsel to temporarily remain in the case for a few more days until the Motion to Compel is decided will not prejudice Voizzit's Counsel because this is not a situation where counsel is being asked to take on a new matter. As explained in the Motion to Compel, Voizzit's Counsel has been involved in the Trustee's efforts to obtain discovery from the Voizzit Parties since Counsel first entered these cases. At the contempt hearing held on January 29, 2025, Voizzit's Counsel told the Court: "I do want to go on the record that [the Voizzit Parties] ... want to comply [with the Trustee's discovery requests] and ... I have drafts of all of the discovery, but I need that additional time to meet and talk with my clients." [*Id.*] When responses to the discovery served in connection with the contempt hearing were not forthcoming as promised, the Trustee served the Voizzit Parties with Rule 2004 subpoenas. In response, Voizzit's Counsel requested a continuance of the return date and agreed, on their clients' behalf, to respond to the subpoenas by March 3, 2025. (*See* Motion to Compel at Ex. E). But instead of responding by March 3, Counsel filed the Withdrawal Motion on March 5, 2025. When the Trustee's counsel inquired whether the Voizzit Parties would respond to the Rule 2004 subpoenas notwithstanding the pending Withdrawal Motion, Voizzit's Counsel requested a second continuance of the return date. (*See* Motion to Compel Ex. F.) Given the Trustee's efforts to cooperate with Voizzit's Counsel, which postponed filing any Motion to Compel and the fact that

3

Voizzit's Counsel told the Court they had prepared discovery responses previously, it is not unfair or burdensome to require Voizzit's Counsel to continue to represent the Voizzit Parties until the Motion to Compel is decided.

4.  Importantly, requiring Counsel to remain in the case until the Court decides the Motion to Compel will serve a meaningful purpose because it will prevent further delay and expense for these Chapter 11 cases. Two of the Voizzit Parties are corporate entities that cannot appear *pro se*. *See Rowland v. California Ministries Colony*, 506 U.S. 194 (1993). Therefore, if Voizzit's Counsel is allowed to immediately withdraw, one of two things is likely to happen: (1) either the Voizzit Parties will ask this Court to continue the Motion to Compel so that they can find yet a third set of lawyers to represent them; *or* (2) the Court grants the Motion to Compel by default against unrepresented parties, leaving open the possibility that new counsel appears at a strategic point in these Chapter 11 cases arguing that notwithstanding the relief granted, sanctions should not have been entered against unrepresented parties and the Voizzit Parties should be allowed to be heard notwithstanding their discovery failures. Whichever scenario occurs, it means more delay and expense for the Trustee and these bankruptcy estates. Requiring Voizzit's Counsel to remain in the case until the Motion to Compel is decided avoids yet another opportunity for the Voizzit Parties to strategically delay and disrupt these Chapter 11 cases.

5.  Allowing Voizzit's Counsel to withdraw before the Motion to Compel is heard also plays directly into the Voizzit Parties' hands. A clear pattern has emerged in these Chapter 11 cases: the Voizzit Parties hire counsel, argue for a continuance, re-argue issues that have already been ruled upon, delay resolution of matters while refusing to answer discovery, and then once they do not prevail, they continue to disobey court orders and do not pay their counsel, causing counsel to move to withdraw. This is the second time that has happened. It could happen again.

By proceeding with the Motion to Compel while the Voizzit Parties are represented, the Court can send a message to the Voizzit Parties that they must comply with the Trustee's Rule 2004 subpoenas if they intend to appear and be heard in these Chapter 11 cases and if they do not do so, the Court will bar their participation in any capacity going forward.

6. There also is precedent in this case for the relief the Trustee seeks. When the Voizzit Parties' prior counsel at Potter Anderson & Corroon LLP moved to withdraw, the Court required counsel to present closing arguments on the Apple-related stay enforcement motion before it presented its motion to withdraw. [*See* D.I. 366, Dec. 3, 2024 Hr'g Tr. (Voizzit's counsel gave closing argument and addressed the Apple Stay motion before he was allowed to withdraw).]

7. Indeed, courts have even refused to allow counsel to withdraw until their clients answer outstanding discovery. In *Morales*, the court denied a withdrawal motion without prejudice until the movant's client responded to outstanding discovery because the client was a corporation that "cannot represent itself in federal court" and the objecting party had granted discovery extensions based on the moving counsel's representation that it was gathering responsive information. 2024 WL 1198054 at *2. Similar facts are present here.

8. Finally, because of the pattern of conduct that has emerged in this case, the Trustee requests that the Court accept Voizzit Counsel's offer to participate in an *in camera* conference to explain why a withdrawal is required here. (*See* Withdrawal Motion at 2 n.1.) Such a conference is appropriate because this is the second set of lawyers to withdraw from the representation. Because Voizzit's Counsel knew or should have known of its predecessors' withdrawal, the Court should require a more complete explanation of why withdrawal is required and an *in camera* conference will provide a forum for that explanation.

9. For all of these reasons, the Trustee requests that the Court (i) condition the timing of Voizzit Counsel's withdrawal until after the Motion to Compel is decided, and (ii) the Court hold an *in camera* conference to determine the reasons for the withdrawal.

Respectfully submitted,

March 19, 2025
Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

/s/ Joseph C. Barsalona II
Henry J. Jaffe (No. 2987)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
824 North Market Street, Suite 800
Wilmington, Delaware 07601
Telephone: (302) 592-6497
Email: hjaffe@ pashmanstein.com
jbarsalona@pashmanstein.com
agambale@ pashmanstein.com

-and-

**JENNER & BLOCK LLP**
Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Email: csteege@jenner.com
mroot@jenner.com
wwilliams@jenner.com

*Counsel to the Trustee*